# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JOSE ALFREDO CHAVERA                                               PLAINTIFF

VS.                                   CIVIL ACTION NO. 1:08cv256-JMR

SHERIFF DAVID ALLISON                                         DEFENDANT

## MEMORANDUM OPINION:

This matter is before the Court pursuant to a Motion [30-1] for Summary Judgement filed on behalf of the Defendant, David Allison. Defendant's Motion is accompanied by a Memorandum[31-1] in Support thereof. To date, Plaintiff has not filed a Response in Opposition The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendant's Motion for Summary Judgment should be granted. Accordingly, all claims against Defendant should be dismissed with prejudice.

## FACTS:

Plaintiff, Jose Chavera, was arrested by the Pearl River County Sheriff's Department on March 2, 2008. On March 3, 2008, Plaintiff was booked into the Pearl River County Jail ("PRCJ"). On June 6, 2007, Plaintiff, filed this *pro se* § 1983 action against David Allison ("Defendant") in both his individual and official capacity [1] as the Sheriff of Pearl River County, and alleges that he suffered violations of his civil rights while being held as a pretrial detainee in the PRCJ.

In his Complaint, Plaintiff contends that he was subjected to unconstitutional conditions of

---

[1] The Court notes that Plaintiff does not specify whether his claims are against Defendant in his individual capacity, his official capacity, or both. Because *pro se* complaints must be construed liberally, the Court will interpret Plaintiff's Complaint to allege claims against Defendant in both his individual and official capacity. *See Williams v. Love,* 2006 WL 1581908, *5 (S.D.Tex. 2006).

confinement and denied medical treatment during his detention at the PRCJ. Specifically, Plaintiff alleges that he was denied a recreation period, served cold meals, detained in an overcrowded cell, and forced to sleep on the floor. Regarding the allegations that he was denied medical treatment, Plaintiff states that inmates at the PRCJ must run a fever of over one-hundred degrees for more than two days before being examined by the medical staff. Further, Plaintiff alleges that he injured his back, and his requests for medical treatment went unanswered.

### STANDARD OF REVIEW:

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311,

1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

### **APPLICABLE LAW:**

In his Motion [30-1] for Summary Judgment, Defendant contends that Plaintiff's official capacity claims against him are, in reality, claims against Pearl River County. Thus, Plaintiff must demonstrate that his claims are actionable under the United States Supreme Court's jurisprudence regarding municipal liability under section 1983.

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567,

578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such reading. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The three requirements for municipal liability outlined in *Piotrowski* are necessary in order to distinguish between individual violations by local employees and those that can be fairly attributed to conduct by the governmental entity itself. *See Piotrowski*, 237 F.3d at 578-79. The United States Supreme Court has clearly emphasized the necessity of an official policy as a predicate to recovery under a theory of municipal liability:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695. Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom. *Piotrowski*, 237 F.3d at 578.

In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must

maintain its official policy with deliberate indifference to a constitutionally protected right."). Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted").

## ANALYSIS:

As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The Supreme Court has stated the distinction between conditions that may be constitutionally imposed on convicted prisoners and conditions that may be imposed on pretrial detainees as follows:

> [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. **Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.**

*Ingraham v. Wright,* 430 U.S. 651, 671-72 (1977) (emphasis added).

The appropriate standard to apply in analyzing constitutional challenges by pretrial detainees

depends on whether the alleged unconstitutional conduct is a "condition of confinement"[2] or "episodic act or omission." *See Scott v. Moore,* 114 F.3d 51, 53 (5th Cir.1997) (en banc). The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996). "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal-if it is arbitrary or purposeless" *Bell*, 441 U.S. at 539. "Reasonably related" means that the restriction is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. *Id.* at 561. "[T]his test is deferential to jail rulemaking; it is in essence a rational basis test of the validity of jail rules." *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 646 (5th Cir.1996).

When a pre-trial detainee alleges unconstitutional conduct which involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. *Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001). When the alleged constitutional violation is a particular act or omission by an individual that points to a derivative policy or custom of the municipality, the deliberate indifference standard is appropriate. *Scott,* 114 F.3d at 53-54. To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety. *See Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.1999).

---

[2] The following were deemed to be conditions-of-confinement cases: *Murphy v. Walker,* 51 F.3d 714 (7th Cir.1995) (revocation of telephone, television, and cigarette privileges); *Collazo-Leon v. United States Bureau of Prisons,* 51 F.3d 315 (1st Cir.1995) (disciplinary segregation and denial of telephone and visitation privileges); *United States v. Millan,* 4 F.3d 1038 (2d Cir.1993) (length of pre-trial detention); *Hause v. Vaught,* 993 F.2d 1079 (4th Cir.1993) (restriction on mail privileges); *Brogsdale v. Barry,* 926 F.2d 1184 (D.C.Cir.1991) (overcrowding); *Lyons v. Powell,* 838 F.2d 28 (1st Cir.1988) (22-23-hour confinement and placement of mattress on floor); *Fredericks v. Huggins,* 711 F.2d 31 (4th Cir.1983) (policy of refusing detainees access to drugs for rehabilitation); *Lareau v. Manson,* 651 F.2d 96 (2d Cir.1981) (overcrowding).

The Court notes that Plaintiff's Complaint alleges both unconstitutional conditions of confinement and episodic acts or omissions. Therefore, the Court shall address the two categories of allegations individually.

I. Conditions of Confinement:

Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at the PRCJ. Plaintiff's allegations include that he was denied yard call, served cold meals, housed in an overcrowded cell, and forced to sleep on the floor. However, other than the above mentioned allegations of unconstitutional conduct, Plaintiff presents no evidence that an official policy of the PRCJ existed which violated his constitutional rights. The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. At best, Plaintiff's assertions amount to isolated instances of negligent conduct, which are insufficient to support the instant official capacity claim against Defendant. Accordingly, Defendant is entitled to summary judgment on Plaintiff's official capacity claims as they relate to the conditions of the PRCJ.

Additionally, Plaintiff's Complaint seeks to impose liability against Defendant in his individual capacity for the allegedly unconstitutional conditions at the PRCJ. However, because Defendant is a law enforcement official, he may raise the defense of qualified immunity. *See Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986).

In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilly*, 500 U.S. 226, 231 (1991). As a pretrial detainee, Plaintiff has a constitutional right not to be punished for the crimes with which he has been charged. Therefore, to the extent that Plaintiff

seeks to establish § 1983 liability against Defendant, Plaintiff must offer proof that the conditions at the PRCJ were imposed as a form of punishment. *Hamilton,* 74 F.3d at 103. A punitive purpose can be established by direct evidence of intent by detention facility officials to punish the pretrial detainee. *Bell,* 441 U.S. at 538. Alternatively, a punitive purpose may be inferred if the challenged condition is not reasonably related to a legitimate governmental objective. *Id.* at 539.

After a review of the evidence, the Court finds that Defendant is entitled to qualified immunity because Plaintiff has failed to create a genuine issue as to whether the conditions of his confinement were imposed as a form of punishment. The record is bereft of any facts tending to indicate that Defendant was actually aware of the allegedly unconstitutional conditions at the PRCJ. Furthermore, Plaintiff has failed to allege an express intent on the part of Defendant to subject him to the allegedly unconstitutional conditions as a measure of punishment.

The gravamen of Plaintiff's Complaint is that the PRCJ is operated in an overcrowded condition. However, it has been repeatedly held that, absent some indication of punitive intent, the mere overcrowding of a jail does not violate the Fourteenth Amendment. *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *Crook v. McGee*, 2008 WL 53269, *2 (S.D. Miss. 2008); *Robertson v. Coahoma County, Miss.*, 2008 WL 3334091, *5 (N.D.Miss. 2008). Plaintiff does not allege that the crowded conditions at the PRCJ were maintained either arbitrarily or purposelessly, and he presents no credible evidence from which such an inference may fairly be drawn. Absent such evidence, the Court is unable to conclude that Defendant violated Plaintiff's constitutional rights.

Assuming, *arguendo*, that Plaintiff's allegations are sufficient to create an issue as to whether he suffered a violation of his constitutional rights, the Court finds that Defendant is still entitled to qualified immunity because his conduct was objectively reasonable. *Hare v. City of Corinth, Miss*,

135 F.3d 320, 327 (5th Cir. 1998).  As noted prior, the mere overcrowding of a jail is not *per se* unconstitutional.  Furthermore, the Court finds that the allegations of inadequate exercise and cold meals do not indicate any objectively unreasonable conduct on behalf of Defendant, as Plaintiff has failed to present any evidence that Defendant was capable of operating the facility in a different manner.  This issue is without merit.

II.  Denial of Medical Care:

Plaintiff also alleges that he was denied medical treatment while incarcerated at the PRCJ.  Specifically, Plaintiff alleges that PRCJ requires that prisoners run a fever of one hundred and one (101) degrees for two days before being seen by the medical staff.  Furthermore, Plaintiff alleges that he requested medical treatment for back pain, but his requests went unanswered.

The Court is unsure whether to categorize Plaintiff's complaints regarding the PRCJ's medical attention policy as a condition of confinement or an episodic act or omission.  Plaintiff never explicitly alleges that he ran a fever for two days before being examined, and his medical records are silent as to any requests for medical treatment.  However, the Court concludes that under either theory, PRCJ's policy did not violate Plaintiff's constitutional rights.

To the extent that PRCJ's medical attention policy is a condition of confinement, the Court finds that Plaintiff has failed to present any evidence that Defendant imposed the condition as a measure of punishment.  More specifically, the Court finds that Plaintiff offers no evidence to indicate that the PRCJ's policy is not reasonably related to a legitimate governmental interest such as ensuring that the medical staff was not overwhelmed by complaints of minor illnesses.  Without evidence that Defendant imposed the conditions as a means of punishment, Plaintiff has failed to create a genuine issue as to whether Defendant violated his constitutional rights.

To the extent that Plaintiff's allegations regarding PRCJ's medical attention policy are

construed as an episodic act or omission, the Court finds that Defendant is entitled to summary judgment because the policy does not exhibit deliberate indifference to Plaintiff's serious medical needs. As noted above, when a pre-trial detainee alleges unconstitutional conduct which involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights. *Gibbs,* 254 F.3d at 548. In order to state a claim for denial of medical treatment pursuant to § 1983, a plaintiff must prove (1) that an official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm to occur. *See Thompson v. Upshur County, Tex.,* 245 F.3d 447 (5th Cir. 2001).

After a thorough review of the record, the Court is unable to conclude that Plaintiff has created a genuine issue as to whether Defendant was deliberately indifferent to his serious medical needs. As noted above, there is no evidence indicating that Plaintiff ever requested medical attention, and certainly no evidence that Defendant was aware that Plaintiff was in need of treatment. Therefore, Plaintiff has not alleged sufficient facts to permit an inference that Defendant was subjectively aware of a serious risk to Plaintiff's health. The Court finds that, absent an allegation of Defendant's personal involvement, Plaintiff's Complaint fails to state a claim for denial of medical treatment. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

Furthermore, Plaintiff's Complaint alleges that, at worst, he was required to run a low-grade fever for two days before he was allowed to see the medical staff, and that his complaints of back pain went unanswered. The Court is unable to conclude that the evidence of record establishes that Defendant evinced deliberate and wanton disregard for Plaintiff's serious medical needs. At most, Plaintiff's complaints of a low fever and back pain were minor illnesses, and therefore did not pose

a substantial risk of serious harm to Plaintiff.  Accordingly, Defendant's alleged inaction does not rise to the level of deliberate indifference.  This issue is without merit.

## **CONCLUSION:**

Based on the forgoing analysis, this Court is of the opinion that Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim.  Therefore, this Court finds the Defendant's Motion [30-1] for Summary Judgment should be granted, and that all claims against Defendant should be dismissed with prejudice, in both his individual and official capacity.

This the ___15th___ day of April, 2009.

                                                    s/ John M. Roper
                                       CHIEF UNITED STATES MAGISTRATE JUDGE